In the Matter of NORTH MANURSING WILDLIFE SANCTUARY, INC., Petitioner, *v.* CITY OF RYE et al., Respondents.

Supreme Court, Westchester County, November 14, 1966.

*Donald A. Mead* for petitioner. *Anthony T. Antinozzi* for respondents.

JOHN J. DILLON, J. This is a proceeding to review the assessment roll of the City of Rye and to determine that petitioner's property is exempt from taxation under section 420 of the Real Property Tax Law. The petitioner is a membership corporation

known as North Manursing Wildlife Sanctuary, Inc. It acquired three and one-half acres of property on Long Island Sound and approximately three and one-half additional acres of underwater land. The corporation was formed for the purpose of acquiring land to be used as a sanctuary for wild birds and more specifically " to protect, preserve and promote the continuation of the species of wild birds and animals native to this section." The corporation has been granted tax-exempt status by the Federal Government but the City of Rye has refused to exempt the real property from taxes.

The city contends that there is a distinction between the language of section 501 (subd. [c], par. [3]) of the Internal Revenue Code and section 420 of the Real Property Tax Law. The former provides for an exemption to an organization operated exclusively for the " prevention of cruelty to children or animals " whereas the latter provides for an exemption to an organization operated exclusively for " the enforcement of laws relating to children or animals ". But it is apparent that section 420 of the Real Property Tax Law is not limited to that narrow area. It also grants exempt status to organizations devoted to " the moral or mental improvement of men and women ". An organization which has as one of its purposes " to provide a feeding, breeding, nesting and refuge grounds for birds and fowl " and which has the further purpose to " educate and instruct the citizenry in the field of conservation " is devoted to human betterment and is therefore entitled to tax-exempt status under section 420 of the Real Property Tax Law. The present attitude of the city is contrary to the humane and liberal views which the courts have adopted in this field (see *People ex rel. Watchtower Soc.* v. *Haring,* 8 N Y 2d 350, and cases therein cited).

The respondents also plead as an affirmative defense that use of the property in question for a bird and wild life sanctuary is in violation of the zoning ordinance. The property is located in an R-1 District which is the most restricted zoning classification provided for in the ordinance, permitting only single-family residences and churches as a main use. However, if the property remains undeveloped and in a natural state, as is proposed, there can be no foundation for the claim that it is being used in a manner not permitted under the zoning ordinance. If the court were to conclude, as the respondents contend, that a bird and wild life sanctuary is not a permitted use in an R-1 District, there would be serious doubt as to the constitutionality of that portion of the zoning ordinance (*Matter of Concordia Collegiate Inst.* v. *Miller,* 301 N. Y. 189). The court determines that the

use of the property as a bird and wild life sanctuary is permissible in an R-1 District (cf. *Matter of American Museum,* 17 Misc 2d 855). In any event the question of whether or not such use is permitted in an R-1 District can have no controlling effect upon the tax-exempt status of the property. Accordingly, the relief sought by the petitioner is granted and the assessment is stricken from the tax roll.